**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Michael J. Goodman (032801)**
**mgoodman@amarlawgrp.com**
**Amar Law Group, PLLC**
**7001 N. Scottsdale Rd. Suite 2060**
**Scottsdale, AZ 85253**
**(480) 237-2744**
**(866) 226-1333 (facsimile)**
**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Charles and Deborah Stary,** | ) Case No.: |
| | ) |
| Plaintiffs, | ) **COMPLAINT -** |
| | ) **VIOLATION OF THE MAGNUSON** |
| vs. | ) **MOSS WARRANTY ACT, COMMON** |
| | ) **LAW BREACH OF WARRANTY,** |
| **Jayco, Inc. and R.V. City, Inc.,** | ) **AND REVOCATION OF** |
| | ) **ACCEPTANCE** |
| Defendants. | ) |
| | ) |

1.  The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00. The Court has pendent jurisdiction over the common law breach of warranty and revocation claims.

2.  Plaintiffs, Charles and Deborah Stary ("Plaintiffs"), are consumers who reside in the State of Arizona.

3. Codefendant, Jayco, Inc. ("Jayco") is a foreign corporation authorized to do business in the State of Arizona. Jayco is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated Fifth Wheel Travel Trailers ("Fifth Wheel RVs") and attendant warranties. Jayco supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents,

4. Codefendant R.V. City, Inc. ("RV City") is an Arizona corporation. RV City operates dealerships engaged in the sale and repair of Fifth Wheel RVs.

5. Jayco unilaterally selected and then installed, integrated, and modified all components used to construct the subject Fifth Wheel RVs.

6. On February 8, 2019, Plaintiffs purchased from La Mesa a new 2019 Jayco Pinnacle Fifth Wheel RV VIN #: 1UJCJ0BV2K1RR0066 (the "Pinnacle"), manufactured, warranted and supplied by Jayco, for a total financed price of $142,048.80.

7. In connection with Plaintiffs' purchase of the Pinnacle, Jayco issued and supplied to Plaintiffs its written warranty. Jayco and RV City intended Plaintiffs to view the fact the Pinnacle was "warranted" as an assurance of the Pinnacle's quality, thereby inducing Plaintiffs' purchase.

8. In addition, under Jayco's repair or replacement warranty, Jayco and its repair agents and were required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as competent repairs within a reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

9. Shortly after Plaintiffs took possession of the Pinnacle they experienced numerous defects and conditions including defects and conditions with:, flooring (3 repair attempts), bedroom door (3 repair attempts), water heater (2 repair attempts), shower (2 repair attempts), refrigerator (2 repair attempts), ice maker (2 repair attempts), television (2 repair attempts), grey tank handle (2 repair attempts), slide, slide out track, leaking condition, auto-leveling system, ceiling panels, JWRAP, batteries, toilet, tank monitors, vent, bedroom wall, DVD player, cabinet, kitchen island and drawers, molding, desk drawer, shades, AMP, electrical, tv, dining room window, seam tape, bedroom door, window above stove, breaker, HVAC, door frame, and tank handles.

10. Despite its short time in service, the Pinnacle has been in the repair shop for warranty repairs at least one hundred eighty (180) days and counting.

11. Despite its excessive repair history, the Pinnacle remains in a non-conforming defective condition.

12. Jayco, through its repair agents, is currently refusing to repair the unit.

13. The Pinnacle's numerous defects and its repeated inadequate repairs constitute substantial impairment in the use and value of the subject Fifth Wheel RV to Plaintiffs.

14. Plaintiffs were further damaged by canceling several planned trips because of the defective condition of Pinnacle and by being without benefit of the use of a Fifth Wheel RV they paid for.

15. Plaintiffs provided Jayco and RV City, through their authorized repair agents, a sufficient opportunity to repair the defects, non-conformities and conditions within the Pinnacle.

16. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, Jayco and RV City failed to do so. As such, the Pinnacle's warranty failed its essential purpose.

17. Jayco and RV City's failure to correct said defects violates Jayco and RV City's statutory and common law duties to Plaintiffs and the expectations created by Jayco and RV City's promotional documents and warranties.

18. As a result of the ineffective repair attempts made by Jayco and RV City through their repair agents and designates, the Pinnacle cannot be utilized as intended by Plaintiffs at the time of acquisition.

19. On October 7, 2019, Plaintiffs provided Jayco and RV City additional written notification of the defects within the subject Motor Home and Plaintiffs' lawful demand for compensation.

20. Plaintiffs and Jayco were unable to reach an accord.

21. Plaintiffs likewise provided written notification of their revocation of acceptance of the Pinnacle on October 7, 2019 to RV City.

22. RV City refused Plaintiffs' request for revocation.

23. Plaintiffs have been and will continue to be financially damaged due to Jayco and RV City's failure to conform the Pinnacle to its warranty as Plaintiffs did not receive the basis of their bargain for a new Pinnacle, but instead were saddled with a

Complaint - 4

Pinnacle riddled with defects akin to an improperly maintained high mileage used Fifth Wheel RV of a much lesser value.

24. Plaintiffs have met all legal and enforceable obligations and preconditions provided in Jayco's warranty and applicable law. As a direct and proximate result of Jayco's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

25. Plaintiffs demand a trial by jury.

## COUNT I
## BREACH OF WRITTEN WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:
## CODEFENDANT JAYCO

26. Plaintiffs re-allege and incorporate by reference paragraphs 1-25 in this Complaint.

27. Defendant Jayco failed to comply with its duties and obligations under its written warranty. Additionally, the warranty has failed of its essential purpose.

28. Jayco did not repair the Pinnacle's defects and conditions within a reasonable number of attempts or time.

WHEREFORE, Plaintiffs request that the Court provide:

   a. An award of diminution in value damages;

   b. All incidental and consequential damages;

   c. Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

d. Grant all other relief deemed just and appropriate.

## COUNT II
## COMMON LAW BREACH OF WARRANTY
## CODEFENDANT JAYCO

29. Plaintiffs re-allege and incorporate by reference paragraphs 1-28 in this Complaint.

30. Jayco failed to comply with its duties and obligations under its written warranty. Additionally, the warranty has failed of its essential purpose.

31. Jayco did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Jayco for its written warranty breach:

a. An award of diminution in value damages;

b. All incidental and consequential damages;

c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

d. All other relief deemed justified by this Court.

## COUNT III
## REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S. § 47-2608
## CODEFENDANT RV CITY

32. Plaintiffs re-allege and incorporate by reference paragraphs 1-31 of this Complaint.

33. RV City's tender of the Pinnacle was substantially impaired to Plaintiffs due to the unit's defects and non-conformities.

34. Plaintiffs accepted the Pinnacle on the reasonable assumption that any nonconformities within the motorhome would be seasonably cured.

35. The nonconformities herein have not been seasonably cured.

36. Plaintiffs' acceptance of the Pinnacle was reasonably induced by the difficulty of discovering the Pinnacle's nonconformities before acceptance and by seller's assurances regarding the quality of the Pinnacle.

37. Plaintiffs' revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Motor Home which was not caused by its own defects.

38. Plaintiffs have notified RV City of the revocation.

WHEREFORE, pursuant to A.R.S. §47-2608, Plaintiffs pray that RV City be ordered to:

    a. Accept Plaintiffs' revocation of acceptance, return all monies paid towards the subject motorhome and remove any outstanding loan balance in exchange for return of the Fifth Wheel RV;

    b. All incidental and consequential damages;

    c. Pay all reasonable court costs and attorneys' fees pursuant to A.R.S. §12-341 and A.R.S. §12-341.01; and,

    d. Provide any other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 16th day of October, 2020

By: /s/ *Michael J. Goodman*
Shalev Amar
Michael J. Goodman
Amar Law Group, PLLC
7001 N. Scottsdale Rd. Suite 2060
Scottsdale, AZ 85253 (480) 237-2744
(866) 226-1333 (facsimile)
Attorney for Plaintiffs